1   MICHAEL J. NADER, SBN 200425
    michael.nader@ogletree.com
2   OGLETREE, DEAKINS, NASH,
    SMOAK & STEWART, P.C.
3   500 Capitol Mall, Suite 2500
    Sacramento, CA  95814
4   Telephone:     916-840-3150
    Facsimile:     916-840-3159
5
    JADE BUTMAN, CA Bar No. 235920
6   jade.butman@ogletree.com
    OGLETREE, DEAKINS, NASH,
7   SMOAK & STEWART, P.C.
    One Embarcadero Center, Suite 900
8   San Francisco, CA  94111
    Telephone:     415-442-4810
9   Facsimile:     415-442-4870

10  Attorneys for Defendants GHIRARDELLI
    CHOCOLATE COMPANY, a California
11  Corporation; and LINDT & SPRUNGLI
    (NORTH AMERICA) INC., a Delaware
12  Corporation[1]

13                  **UNITED STATES DISTRICT COURT**

14                  **NORTHERN DISTRICT OF CALIFORNIA**

15  | ELIZABETH LIMA, on behalf of herself and all other aggrieved employees, | Case No. |
16  
17  |                     Plaintiff, | **DEFENDANTS' NOTICE OF REMOVAL** |
18  |            vs. | |
19  | GHIRARDELLI CHOCOLATE COMPANY, a California Corporation; LINDT & SPRUNGLI (N.A.), Inc., a Delaware corporation; and DOES 1-50, Inclusive, | |
20  | | Alameda County Superior Court Case No. 22CV009848 |
21  |                     Defendant. | Action Filed:     April 13, 2022 Trial Date:     None Set |
22

23

24

25

26

27

28
    ───────────────────────
    [1] Erroneously sued herein as Lindt & Sprungli (N.A.), Inc.

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendants GHIRARDELLI CHOCOLATE COMPANY, a California Corporation; and LINDT & SPRUNGLI (NORTH AMERICA) INC., a Delaware Corporation (hereinafter "Defendants"), respectfully remove the instant action, *Elizabeth Lima, et al. v. Ghirardelli Chocolate Company, a California Corporation; and Lindt & Sprungli (N.A.), Inc., a Delaware corporation, et al.*, originally commenced in the Superior Court of the State of California in and for the County of Alameda, Case No. 22CV009848, to the United States District Court for the Northern District of California. Removal is proper because this Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331, as this action arises under federal law. Specifically, Plaintiff's claims are substantially dependent upon the interpretation of a collective bargaining agreement that governs the terms and conditions of Plaintiff's employment with Defendants. Plaintiff's claims are, therefore, preempted by Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 141 et seq., and this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and (c). In support of this removal, Defendants state the following pursuant to 28 U.S.C. § 1446(a):

## I.  BACKGROUND AND SUMMARY OF PLEADINGS

1.     Plaintiff ELIZABETH LIMA (hereinafter "Plaintiff") is a former employee of Ghirardelli Chocolate Company ("Ghirardelli").  See Declaration of Stephanie Mejia ("Mejia Decl."), filed herewith, ¶ 5. Throughout the relevant time period, Plaintiff was a member of a bargaining unit represented by the Bakery, Confectionery, and Tobacco Workers and Grain Millers International Union, Local 125 (the "Union") and was subject to a collective bargaining agreement between Defendant Ghirardelli and the Union. Mejia Decl., ¶¶ 3, 5 and 6.  Defendant Ghirardelli is a wholly owned subsidiary of Lindt & Sprungli (USA) Inc.  See Declaration of Ginger Clifton ("Clifton Decl."), filed herewith, ¶ 4.  Lindt & Sprungli (USA) Inc., in turn, is a wholly owned subsidiary of Defendant Lindt & Sprungli (North America) Inc.  Clifton Decl., ¶ 4. Defendant Lindt & Sprungli (North America) Inc. does not have any non-exempt hourly employees based in California.  Clifton Decl., ¶ 5.

2. On or around April 13, 2022, Plaintiff commenced the above-entitled action in the Superior Court of California, County of Alameda, Case No. 22CV009848. True and correct copies of the Complaint, Summons, and Civil Case Cover Sheet are attached hereto as Exhibits 1, 2, and 3, respectively.  Notice of Case Assignment, and Notice of Case Management Conference are attached hereto as Exhibits 4 and 5, respectively.  Defendants' Answer to Complaint is attached hereto as Exhibit 6.

3. Plaintiff's Complaint seeks civil penalties pursuant to the Private Attorneys General Act ("PAGA") on behalf of herself and other allegedly similarly aggrieved employees who are currently or formerly employed by Defendants during the relevant period. As detailed below, Plaintiff's Complaint implicates federal law because the terms and conditions of Plaintiff's employment with Defendants[2] were subject to a collective bargaining agreement between Defendant Ghirardelli and the Bakery, Confectionery, and Tobacco Workers And Grain Millers International Union, Local 125 (the "Union") dated July 16, 2016 through July 16, 2022 (the "CBA").  Mejia Decl., ¶¶ 3, 5 and 6.  Plaintiff's Complaint omits that the terms and conditions of Plaintiff's and the other allegedly aggrieved employees' employment with Defendants were subject to the CBA.

4. A copy of this Notice of Removal will be served on Plaintiff and filed with the Superior Court of California for the County of Alameda.  Exhibits 1-6 contain all process, pleadings, and orders served on Defendant in accordance with 28 U.S.C. § 1446(a), and no other proceedings have been held in this action.

## II. STATEMENT OF FEDERAL QUESTION JURISDICTION

5. This Court has original jurisdiction under 28 U.S.C. § 1331, and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), because it is a civil action that presents a federal question.

////

---

[2] Defendant Lindt & Sprungli (North America) Inc.'s only connection to Plaintiff and her alleged group of Aggrieved Employees is indirect and through Defendant Ghirardelli.  Throughout the relevant period and to the present date of this filing, Defendant Lindt has not employed any non-exempt hourly individuals who reside or work in California. See Clifton Decl. ¶¶ 4-5.  Defendant Lindt & Sprungli (North America) Inc. expressly reserves the right to move for affirmative relief for dismissal of itself as a Defendant.

6.      Plaintiff's claims are either based upon or preempted by federal law, specifically Section 301 of the LMRA ("Section 301"). 29 U.S.C. § 185. Under Section 301, "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in a district court for the United States having jurisdiction of the parties without regard to the amount in controversy or without regard to the citizenship of the parties." *Firestone v. S. Cal. Gas Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000).

7.      Section 301 preempts state law claims requiring interpretation of a CBA. "[T]he pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization." *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal.* 463 U.S. 1, 23 (1983).) Section 301 also preempts "any state [law] claim whose outcome depends on analysis of the terms of the agreement." *Newberry v. Pacific Racing Ass'n* 854 F.2d 1142, 1146.) "[T]he key to determining the scope of Section 301 preemption is not based on how the complaint is framed," it is based on whether resolution of the claims requires "referring to the terms of the…[CBA]." *Id.* The reason is that "the interpretation of [CBAs] is exclusively a matter for arbitration under federal law." *Levy v. Skywalker Sound* 108 Cal.App.4th 753, 762 (2003). "Once preempted, 'any claim purportedly based on [a] state law is considered, from its inception, a federal claim, and therefore arises under federal law'." *Burnside v. Kiewit Pacific Corp.* 491 F.3d 1053, 1059 (9th Cir. 2007), citing, *Caterpillar, Inc. v. Williams* 482 U.S. 386, 393 (1987).

8.      A plaintiff cannot avoid Section 301 preemption by "artfully pleading" a claim to allege state law violations. *Hyles v. Mensing* 849 F.2d 1213, 1215.) For example, where "[r]esolution of plaintiffs' claim to overtime pay ... cannot be decided by mere reference to unambiguous terms of the agreement," it is preempted. (*Id.*) Courts have also found meal and rest period claims to be preempted where the applicability of the Labor Code provisions require analysis and interpretation of a CBA. See e.g., *Coria v. Recology, Inc.* 63 F.Supp.3d 1093, 1097 (N.D. Cal. 2014); *Ayala v. Destination Shuttle Servs. LLC* (C.D. Cal. Nov. 1, 2013) 2013 WL 12092284, at *4.)

9.      Section 301 of the LMRA provides a basis for federal jurisdiction, and authorizes federal courts to develop a federal common law of the interpretation of collective bargaining

agreements. *Lingle v. Norge Div. of Magic Chef, Inc*., 486 U.S. 399, 411 (1988). To ensure uniform interpretations of collective bargaining agreements, federal common law preempts the use of state law in collective bargaining agreement interpretation and enforcement. *Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Lucas Flour Co.*, 369 U.S. 95, 103– 04 (1962); *Lingle*, 486 U.S. at 411.

10.     Further, all state law claims raised by a union-represented employee that require interpretation of a collective bargaining agreement must be brought pursuant to Section 301 of the LMRA. *Allis-Chalmers Corp. v. Lueck*, 571 U.S. 202, 211 (1985); *Newberry v. Pac. Racing Ass'n,* 854 F.2d 1142, 1146 (9th Cir. 1988) (concluding "[t]he preemptive force of section 301 is so powerful that it displaces entirely any state cause of action for violation of a collective bargaining agreement . . . [and] any state claim whose outcome depends on analysis of the terms of the agreement."); *see also Voorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 403 (7th Cir. 2001) (noting that Section 301 is one of "only two areas in which the Supreme Court has found that Congress intended completely to replace state law with federal law for purposes of federal jurisdiction").

11.     Section 301 has specifically been held to preempt California state law claims that are substantially dependent upon interpretation of a CBA. *Firestone*, 219 F.3d at 1066-67 (claim preempted by Section 301 where the CBA had to be interpreted to resolve the plaintiff's wage claims). This remains true even where interpretation was required to evaluate the employer's defense to a plaintiff's state law cause of action. *See Levy v. Skywalker Sound*, 108 Cal. App. 4th 753, 769 (2003) (claim for unpaid wages preempted because it "rest[ed] entirely" on a claim that plaintiff was "entitled . . . to wages at the level set by the CBA"). Thus, any suit "alleging a violation of a provision of a labor contract must be brought under § 301 and be resolved by reference to federal law. *Curtis v. Irwin Indus., Inc*., 913 F.3d 1146, 1152 (9th Cir. 2019) ("A state rule that purports to define the meaning or scope of a term in a contract suit therefore is pre-empted by federal labor law.").

12.     Adjudicating Plaintiff's Complaint will require interpretation of the CBA. Specifically, Plaintiff's sole PAGA claim is premised upon, and therefore derivative of, the various underlying violations of the California Labor Code identified in Plaintiff's Complaint.  *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1150 n.3 (9th Cir. 2019) (PAGA claims depend on the underlying

violations of the California Labor Code alleged in the complaint). As detailed below, many (if not all) of the underlying labor code violations alleged in Plaintiff's Complaint are preempted by the CBA. Thus, Section 301 preempts Plaintiff's sole cause of action under the PAGA. *See, e.g., Lingle*, 486 U.S. at 405-06 ("[I]f the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law . . . is preempted"); *see also Franco v. E-3 Sys.*, No. 19-CV-01453-HSG, 2019 WL 6358947, at *3 (N.D. Cal. Nov. 8, 2019) (extending federal question jurisdiction to plaintiff's PAGA claim).

13.     The fact that Plaintiff seeks civil penalties under PAGA is irrelevant for purposes of preemption. *See, e.g., Martinez v. Omni Hotels Mgmt. Corp.*, No. 20-CV-1924-MMA (BLM), 2021 WL 196509, at *4 (S.D. Cal. Jan. 20, 2021) ("The Court finds Plaintiff's distinction between bringing PAGA claim for civil penalties versus bringing a Labor Code claim for wages is irrelevant for the purposes of preemption."); *see also Sykes v. F.D. Thomas, Inc.*, No. 20-CV-03616-VC, 2021 WL 343960, at *1 (N.D. Cal. Feb. 2, 2021)( "Thus, the fact that a PAGA plaintiff effectively stands in the shoes of state officials does not change the preemption analysis, and each of the alleged Labor Code violations must be analyzed individually under the Ninth Circuit's two-step test for complete preemption as set out in *Burnside*.")

**A.     Plaintiff's Employment Was Governed by a CBA.**

14.     Plaintiff was employed with Ghirardelli from August 14, 2020 until October 4, 2021, earning at least $19.00 per hour as a Production Worker.  Mejia Decl., ¶ 5.  At all relevant times alleged in the Complaint, the terms and conditions of Plaintiff's employment with Ghirardelli were subject to the CBA between Defendants and the Union. Mejia Decl., ¶¶ 3, 5 and 6.

15.     At all relevant times alleged in the Complaint, Defendants have been companies engaged in commerce and in an industry affecting commerce within the meaning of Sections 2(2), 2(6), and 2(7) of the NLRA and Section 301(a) of the LMRA, 29 U.S.C. §§ 152(2), (6), (7) and 185(a).  Clifton Decl., ¶¶ 4-6.

16.     The Union is a labor organization in which certain employees of Ghirardelli participate and which exists for the purpose of dealing with employee grievances, labor disputes, wages, rates of pay, hours of employment, conditions of work, discipline, and discharge. At all

relevant times, the Union has been, and is, a labor organization within the meaning of Section 2(5) of the NLRA and 301(a) of the LMRA, 29 U.S.C. §§ 152(5) and 185(a).

17.     Sections 2 and 26 of the CBA specifically recognizes the Union as the exclusive representative for covered employees, including Plaintiff, for the purposes of collective bargaining to establish rates of pay, hours of work and other conditions of employment.

### B.    Plaintiff's Claims are Preempted by the LMRA Because They Require Substantial Interpretation of a CBA.

#### 1.    Plaintiff's Failure to Reference Section 301 of the LMRA in Her Complaint Does Not Preclude Removal.

18.     The Complaint omits the fact that Plaintiff was a member of the Union and working in a covered position subject to the terms and conditions of the CBA while employed with Ghirardelli.  However, a plaintiff may not be permitted to "artfully plead" her complaint to conceal the true nature of the complaint. *Young v. Anthony's Fish Grottos, Inc*., 830 F.2d 993,997 (9th Cir. 1987) (holding that plaintiff's state law claim was preempted even though operative complaint made no mention of a collective bargaining agreement). Thus, the fact that Plaintiff has not made specific reference to Section 301 in her Complaint does not preclude removal. *See Milne Employees Ass 'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1406 (9th Cir. 1991). The Court may properly look beyond the face of the Complaint to determine whether the claims asserted are in fact preempted by Section 301. *See Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003). Additionally, the Court may properly look to the facts stated in the Notice of Removal "to clarify the action a plaintiff presents and to determine if it encompasses an action within federal jurisdiction." *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983), overruled in part on other grounds in *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241 (9th Cir. 2009).

19.     An artfully pled state law claim is properly "re-characterized" as a federal claim under the "complete preemption" doctrine, which provides that the preemptive force of Section 301 of the LMRA "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule" and is removable to federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 23

1    (1983) ("[I]f a federal cause of action completely preempts a state cause of action, any complaint

2    that comes within the scope of the federal cause of action necessarily 'arises' under federal law.").

3        20.    To determine whether a claim alleging violations of state law is preempted by Section

4    301(a) of the LMRA, the Ninth Circuit employs a two-step test. *Curtis*, 913 F.3d at 1152. First, the

5    Court asks "whether the asserted cause of action involves a 'right [that] exists solely as a result of

6    the CBA.'" *Id*., quoting *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir.

7    2016). Under this test, a claim is preempted if it seeks "purely to vindicate a right or duty created by

8    the CBA itself." *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 921 (9th Cir. 2018). If so, "the claim

9    is preempted, and [the] analysis ends there." *Burnside v. Kietwit Pac. Corp.*, 491 F.3d 1053, 1059

10   (9th Cir. 2007). If not, the Courts consider whether a plaintiff's state law right is substantially

11   dependent on analysis of the CBA. *Curtis*, 913 F.3d at 1153. If claims are dependent on interpretation

12   of the CBA, then the claim is preempted by Section 301. *Franco v. E-3 Sys.*, No. 19-CV-01453-

13   HSG, 2019 WL 6358947, at *2 (N.D. Ca. Nov. 8, 2019), citing *Burnside*, 491 F.3d at 159-60.

14                    2.    Resolution of Plaintiff's Claims Will Require Substantial Interpretation of
15                          Provisions of the CBA.

16       21.    Section 301(a) of LMRA wholly preempts any and all purported state law causes of

17   action by an employee concerning a dispute over her terms and conditions of employment, if the

18   causes of action are "based directly on rights created by a collective bargaining agreement" or require

19   the "interpretation of a collective bargaining agreement." *See, e.g., Aguilera v. Pirelli Armstrong

20   Tire Corp.*, 223 F.3d 1010, 1015 (9th Cir. Cal. 2000); *Young*, 830 F.2d at 997-98.

21       22.    As discussed below, Plaintiff's allegations that Defendants violated the California

22   Labor Code involve various rights that "exists solely as a result of the CBA" and/or are "inextricably

23   intertwined with consideration of the terms of the labor contract." *Allis-Chambers*, 471 U.S. at 213.

24   Specifically, Plaintiff's Complaint seeks civil penalties under the PAGA based on the following

25   alleged Labor Code violations: (1) failure to provide meal periods (§512(a)); (2) failure to provide

26   rest periods (§ 226.7); (3) failure to provide complete and accurate wages statements (§ 226(a)); (4)

27   failure to pay overtime wages (§510 and §1194); (5) failure to provide minimum wage (§1194 and

28   §1197); (6) failure to timely pay wages during employment (§204); (7) failure to timely pay wages

upon termination (§201-§203); and (8) failure to reimburse necessary business-related expenses (§2802).

23.    As set forth below, the CBA governs Plaintiff's and other aggrieved employees' time worked, wages, overtime, and meal and rest periods. (Mejia Decl. ¶ 3, Exhibit A, Sections 4-9 and 26). The CBA also provides for a grievance process and requires binding arbitration to resolve any disputes arising under the CBA.  Resolution of Plaintiff's claims will require the Court to interpret, at a minimum, all of these provisions. Therefore, Plaintiff's PAGA claim cannot be adjudicated without interpretation of numerous CBA provisions that governed Plaintiff's employment and the employment of the allegedly aggrieved employees.

24.    **Wages, Compensation, and Overtime:** Plaintiff's PAGA claim seeks civil penalties, in part, for Defendants' alleged failure to timely provide proper compensation, including minimum wage and overtime wages. The focus of Plaintiff's underlying wage claims is that Plaintiff and other allegedly aggrieved employees were not compensated for all time under the control of Defendants. Assuming, arguendo, that Plaintiff's underlying claims are valid, the CBA expressly provides for compensation of all hours worked, including minimum wage rates and overtime.  Specifically, the overtime provisions set forth in Cal. Lab. Code § 510 do not apply to Plaintiff according to the exemption for employees covered by a valid CBA that is expressly set forth in section 514 of the Labor Code. The CBA qualifies for the § 514 exemption because it specifically provides for wages (see CBA generally and Section 9), hours of work (see CBA generally and Section 4), working conditions (Sections 4-10), premium wage rates for overtime (Section 5), and an hourly pay rate that is greater than 30 percent of the California minimum (Section 9 and related Schedules). Mejia Decl. ¶¶ 3 and 5, Exhibit A.

25.    Additionally, the CBA sets forth the parties' mutual agreement regarding all issues pertaining to employee wages, including but not limited to applicable wage rates and contractual rest break benefits that are in addition to statutory rights. Mejia Decl., Exh. A, Section 9.  The CBA expressly provides that, "All disputes between and Union and the Employer resulting from the application or interpretation of this Agreement shall be subject to [a 6 Step grievance procedure that culminates in binding arbitration]."  *Id*. at Section 26.  To the extent Plaintiff has underlying claims

regarding unpaid payment of employee wages, the CBA will need to be interpreted in order for the Court to determine from the wage scale referenced at Schedule A of the CBA the appropriate rate of pay for no less than 9 groups of employees, some groups with 6 or 11 subgroups of employees paid at various rates.  In addition to interpreting how Schedule A applies to each employee in the putative class, the Court will have to determine the applicability of two shift differentials described in Schedule A, and the parameters of the shifts to which those differentials should apply.  *Id*. at Schedules A-B.  . Thus, Plaintiff's rights to wages, compensation, and overtime substantially depend on an analysis of the CBA.

26.    **Meal and Rest Periods:** Plaintiff's PAGA claim seeks civil penalties, in part, for Defendants' alleged failure to provide compliant meal and rest breaks.  The CBA provides for meal and rest breaks, and expressly lays out the conditions under which employees are entitled to such breaks. The rest break provisions differ from the rest period requirements set forth in Labor Code section 226.7 and the IWC Wage Order. For example, the CBA provides Plaintiff with a rest break of 12 minutes instead of the 10 minute rest breaks provided under the Wage Order 1.  Mejia Decl. ¶ 3, Exhibit A, Section 8).  Accordingly, these provisions of the CBA will require interpretation to determine whether the meal and rest breaks were provided in compliance with the CBA contract.  In addition, determining the premium pay rate at which missed meal and rest breaks should be paid will require interpreting the CBA.

More importantly, the CBA expressly calls for final and binding arbitration for any and all disputes concerning the application or interpretation of the CBA's provisions, including the provisions on meal and rest breaks.  Mejia Decl., ¶ 3, Exhibit A, Section 26.  Thus, Plaintiff's rights related to potential violation of meal and rest breaks substantially depend on an analysis of the CBA.

27.    **Grievance and Arbitration Procedure:** As set forth above, the grievance and arbitration procedure laid out in the CBA covers all "disputes or controversies between the Union and the Employer resulting from the application or interpretation of this Agreement shall be subject to the [following 6 Step procedure that culminates in arbitration]."  Mejia Decl., ¶ 3, Exhibit A, Section 26.  Accordingly, Plaintiff's underlying claims that are premised on Labor Code §§ 201 – 203, 204, 226.7, 510, 512, 1194, and 1197 are subject to arbitration as the exclusive remedy per the

CBA. The promotion of extra-judicial dispute resolution is another purpose of Section 301 preemption. State court lawsuits properly removed on preemption grounds may then be deferred to arbitration, if the parties to the CBA have so agreed. *See Livadas v. Bradshaw*, 512 U.S. 107, 142 fn. 18 (1994). Here, the parties have so agreed, and the claims are therefore subject to arbitration as discussed above. Accordingly, any alleged violation of the CBA is subject to the grievance procedures set forth therein. As all of Plaintiff's claims are in essence alleged violations of the CBA, the Court will necessarily have to interpret the grievance and arbitration provisions to analyze Plaintiff's claims in this case. That is, the Court will be required to determine whether the Plaintiff was first required to exhaust the grievance procedures, whether she did in fact exhaust those procedures, and whether the parties agreed to arbitrate all or some of Plaintiff's claims – which are all questions reserved for federal courts under the LMRA.

28. Accordingly, Plaintiff's PAGA claim is substantially dependent upon the interpretation of the foregoing CBA terms and provisions. In fact, those terms and provisions govern nearly all of the conduct which forms the basis of the underlying Labor Code violations alleged in Plaintiff's Complaint, and thus are essential to the resolution of Plaintiff's PAGA claim. Plaintiff's PAGA claim therefore arises under Section 301 of the LMRA, and is preempted by federal law. Removal to federal court is warranted. *See Radcliff v. San Diego Gas & Elec. Co*., No. 3:20-CV-01555-H-MSB, 2021 WL 532258, at *3 (S.D. Cal. Feb. 12, 2021) (denying motion to remand PAGA claim based on alleged lack of original jurisdiction, and finding plaintiff's PAGA claim was preempted by § 301 of the LMRA).

## III.    SUPPLEMENTAL JURISDICTION

29. To the extent any underlying Labor Code violations alleged in the Complaint do not raise federal questions (and/or are not preempted by Section 301 of the LMRA), such claims are removable under 28 U.S.C. § 1441(c) and, pursuant to this Court's supplemental jurisdiction, under 28 U.S.C. § 1367, because they relate to and emanate from the same employment relationship between Plaintiff and Defendants that is the subject of the federal question claims. Specifically, Plaintiff's single claim for PAGA penalties is predicated upon facts and circumstances that are inextricably intertwined with and dependent upon an interpretation of the CBA. As a result, all the

pleaded underlying Labor Code violations emanate from and form part of the same "case or controversy," such that they should all be tried in one action. *See Nishimoto v. Federman-Backrach & Assoc.*, 903 F.2d 709, 714 (9th Cir. 1990); *Franco v. E-3 Sys.*, No. 19- CV-01453-HSG, 2019 WL 6358947, at *3 (N.D. Cal. Nov. 8, 2019) (extending supplemental jurisdiction because plaintiff's claim for "civil penalties under PAGA does not change the underlying nature of the predicate California Labor Code violations."); *Landy v. Pettigrew Crewing, Inc.*, No. 219CV07474RGKAFM, 2019 WL 6245525, at *5 (C.D. Cal. Nov. 22, 2019) (extending supplemental jurisdiction over PAGA claims not covered by the CBA). Considerations of convenience, judicial economy, and fairness to the litigants strongly favor this Court exercising supplemental jurisdiction over all the underlying alleged violations of the Labor Code in Plaintiff's Complaint. *See Executive Software v. U.S. Dist. Court*, 24 F.3d 1545, 1557 (9th Cir. 1994); *Franco v. E-3 Sys.*, No. 19-CV-01453-HSG, 2019 WL 6358947, at *3 (N.D. Cal. Nov. 8, 2019); *Landy v. Pettigrew Crewing, Inc.*, No. 219CV07474RGKAFM, 2019 WL 6245525, at *5 (C.D. Cal. Nov. 22, 2019).

## IV.     OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

30.     Removal Was Timely. Defendants received the Complaint through service of process on April 13, 2022. This Notice is timely filed in accordance with 28 U.S.C. § 1446(b), because less than thirty (30) days have elapsed since Defendants received the pleadings setting forth the claims for relief upon which this removal is based.

31.     State Court Within this Court's Jurisdiction. Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 84(c) and 1391 because the county in which the State Court Action was pending (Alameda) is found within this District.

32.     Consent to Removal. Defendants are not aware of any other defendants having been served with a copy of Plaintiff's Complaint, and the requirements of 28 U.S.C. § 1446(b)(2)(A) are met.

33.     State Court Pleading Attached. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings and orders" from the state court action served on Defendants or filed by Defendants are attached hereto as the following exhibits, including Plaintiff's Complaint (Exhibit 1); Summons of Plaintiff's Complaint (Exhibit 2); Civil Case Cover Sheet (Exhibit 3);

1   Notice of Case Assignment (Exhibit 4); Notice of Case Management Conference (Exhibit 5); and,

2   Defendants' Answer to Plaintiff's Complaint (Exhibit 6).

3       34.     Filing and Service of Notice of Removal. This Notice will be promptly served on

4   Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County

5   of Alameda.

6                          **<u>RESERVATION OF RIGHTS</u>**

7       This Notice of Removal is filed subject to and with full reservation of rights, including but

8   not limited to defenses and objections to venue, improper service, and personal jurisdiction. No

9   admissions are intended hereby as to the propriety of liability or damages with respect to any aspect

10  of this case, and all defenses, motions, and pleas are expressly reserved.

11      WHEREFORE, Defendants request that the above action pending before the Superior Court

12  of the State of California for the County of Alameda be removed to the United States District Court

13  for the Northern District of California.

14

15  DATED:  May 13, 2022                    OGLETREE, DEAKINS, NASH,
                                            SMOAK & STEWART, P.C.
16

17                                          By:  /s/ Jage Butman
18                                               Michael J. Nader
                                                 Jade Butman
19
                                            Attorneys for Defendants GHIRARDELLI
20                                          CHOCOLATE COMPANY, a California
                                            Corporation; and LINDT & SPRUNGLI
21                                          (NORTH AMERICA) INC., a Delaware
                                            Corporation
22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF REMOVAL

51510258.v1-OGLETREE

# EXHIBIT 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Justin Lo (SBN: 280102)
justin@caworklawyer.com
Edward Kim (SBN: 183022)
ed@caworklawyer.com
**WORK LAWYERS, PC**
22939 Hawthorne Blvd., #202
Torrance, CA 90505
Phone: (424) 355-8535
Fax: (424) 355-8335

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**04/13/2022 at 04:40:45 PM**
By: Xian-xii Bowie, Deputy Clerk

Attorneys for Plaintiff ELIZABETH LIMA, as representative of the State of California and the Labor and Workforce Development Agency, and on behalf of herself and other similarly aggrieved current and former employees.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| ELIZABETH LIMA, on behalf of himself and all others aggrieved employees,<br><br>Plaintiff,<br><br>v.<br><br>GHIRARDELLI CHOCOLATE COMPANY, a California Corporation; LINDT& SPRUNGLI (N.A.), Inc., a Delaware corporation; and DOES 1- 50, Inclusive,<br><br>Defendant, | Case No. 22CV009848<br><br>**COMPLAINT**<br><br>1.  Civil Penalties under the Private Attorneys General Act (PAGA) |

1

Plaintiff, ELIZABETH LIMA ("Plaintiff"), as a representative of the State of California and the Labor and Workforce Development Agency (LWDA), and on behalf of himself and other current or former aggrieved employees, complains and alleges as follows:

## INTRODUCTION

1.     This is a representative action brought by Plaintiff, as a representative of the State of California and the LWDA, and on behalf of Plaintiff and other aggrieved employees, to collect civil penalties for Defendant's Labor Code violations.

2.     Defendants and employers, GHIRARDELLI CHOCOLATE COMPANY ("GCC") and LINDT & SPRUNGLI (N.A.), INC. ("L&S") (collectively "Defendants"), violated numerous wage and hour laws with respect to Plaintiff and other aggrieved employees by failing to provide, for example: accurate and itemized wages statements, payment for all hours worked (including regular wages and overtime), failure to provide a minimum wage lawful meal periods, lawful rest periods, timely payment during employment, failure to reimburse for expenses incurred during the course and scope of employment, and payment upon separation of employment.

3.     Defendants violated numerous wage and hour laws with respect to Plaintiff and other aggrieved employees by failing to provide, for example: accurate and itemized wages statements, payment for all hours worked (including regular wages and overtime), lawful meal and rest periods, minimum wages for those hours worked but not compensated, timely payment of wages during employment, reimbursement for necessary expenses incurred during the course and scope of employment, and payment upon separation of employment

## PARTIES

**The Plaintiff**

4.     Plaintiff is, and at all times herein mentioned was, a resident of California, currently residing in Alameda County. Similarly aggrieved, former and/or current employees are those employees, whether classified as exempt or non-exempt, employed by Defendants during the relevant time period who were subject to the same wage and hour policies/practices as

2

Plaintiff, and thereby suffered similar or substantially similar violations ("Aggrieved Employees").

**The Defendants**

5.      Defendant GCC is a California corporation which, at all relevant times mentioned herein, existing, doing business and employing individuals in the County of Alameda, State of California. Plaintiff is informed and thereon alleges that GCC exercised control over Plaintiff and Aggrieved Employees' wages, hours, and working conditions.

6.      Defendant L&S is a Delaware corporation which, at all relevant times mentioned herein, existing, doing business and employing individuals in the County of Alameda, State of California. Plaintiff is informed and thereon alleges that L&S exercised control over Plaintiff and Aggrieved Employees' wages, hours, and working conditions.

7.      Plaintiff is informed and believes and thereon alleges that Defendants GCC and L&S are jointly and severally liable under alter ego and single-enterprise liability. Plaintiff is informed and believes that both Defendants constitute a single, integrated enterprise characterized by common control of labor, common management and ownership circle and interrelated business operations.  Plaintiff is informed and believes that each of the Defendants were and are the alter ego of each other, that there exists a unity of interest and ownership between them, such that any individuality and separateness between each of them have ceased. Plaintiff further alleges that each of the Employers has exercised control and dominion over each other with a disregard for the separate legal status of the entities in an attempt to commit the violations set forth herein. Plaintiff believes that said entities operated as a single enterprise to achieve a common business purpose. Adherence to the separate existence of GCC and L&S, respectively, would permit an abuse of the corporate privilege and would sanction fraud and promote injustice.

8.      The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants named herein as DOES 1-50, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names.  Plaintiff will seek leave to amend this Complaint to insert the true names and capacities of said Defendants when the same

become known to Plaintiff.  Plaintiff is informed and believes and thereupon alleges that each of the fictitiously-named Defendants are responsible for the wrongful acts alleged herein and is therefore liable to Plaintiff as alleged hereinafter.

9.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, conspirators, parent corporation, joint employers, alter ego, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employment, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

10.     Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those Defendants named DOES 1-50, acted in concert with one another to commit the wrongful acts alleged therein, and aided, abetted, incited, compelled, and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so. Plaintiff is further informed and believes, and based thereupon alleges, that the Defendants, and each of them, including those Defendants named as DOES 1-50, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to and actually causing Plaintiff harm.

11.     Whenever and wherever reference is made in this Complaint to any act or failure to act by a defendant or co-defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each defendant acting individually, jointly and severally.

## JURISDICTION AND VENUE

12.     Venue is proper in Alameda County, because Defendants maintain their locations and transact business in this county, the obligations and liability primarily arise in this county, and work was primarily performed by Plaintiff and other aggrieved employees in this county.

13.     The California Superior Court has jurisdiction over this matter. The individual

4

claims are under the seventy-five thousand dollar ($75,000.00) jurisdictional threshold for federal court and PAGA penalties cannot be aggregated to meet the minimum jurisdictional amount required for diversity removal. Further, there is no federal question at issue as the issues herein are based solely on California statutes and law, including, but not limited to, the California Labor Code, Industrial Welfare Commission Wage Orders, California Code of Civil Procedure, and California Rules of Court.

## GENERAL ALLEGATIONS

14.    Defendants employed Plaintiff as a packer. Plaintiff worked for Defendants from approximately August 17, 2020, to on or about October 3, 2021. Plaintiff's duties included making boxes, filling the boxes with product and moving the boxes into the appropriate pallets.

15.    At all relevant times herein, Defendants employed Plaintiff and other Aggrieved Employees as exempt or non-exempt employees. Aggrieved Employees mean and refers to all persons, regardless of classification, who worked for Defendant as all employees at any time during the specified relevant time period and were subject to the same wage and hour practices and policies, in whole or in part, as Plaintiff, and therefore, suffered some or all of the violations of the Labor Code alleged herein.

16.    Plaintiff's position required her and nonexempt Aggrieved Employees to work more than 8 hours a day and/or 40 hours per week without lawful compensation. Not all of Plaintiff and nonexempt Aggrieved Employees' compensable work time spent under the control of Defendants was accounted for and compensated. Plaintiff and nonexempt Aggrieved Employees were not compensated properly according to the amount of time worked. Plaintiff and nonexempt Aggrieved Employees were not paid all overtime worked. Plaintiff and nonexempt Aggrieved Employees were also subject to an unlawful rounding policy for their compensable work time. Defendants failed to timely pay all wages earned by Plaintiff and nonexempt Aggrieved Employees. Employers still owe wages to Plaintiff and nonexempt Aggrieved Employees despite wages earned. Additionally, Defendants required Plaintiff and nonexempt Aggrieved Employees to don required safety garb and equipment, such as uniform

5

smocks or aprons, facemasks, gloves and hairnets prior to clocking in for start of their respective work shifts, such that Plaintiff and nonexempt Aggrieved Employees were not compensated for such time despite performing their work duties while under the Defendants' control.

17.    To the extent this additional uncompensated time described in the preceding paragraph was worked during shifts eight hours or longer, the uncompensated additional time should have been compensated at the legally mandated overtime rate. Furthermore, because Defendants paid no compensation for the additional work time, Defendants have violated minimum wage laws. Employers failed to authorize and permit all required meal and rest periods for Plaintiff and nonexempt Aggrieved Employees because, upon information and belief, Defendants maintained unlawful meal and rest period policies and practices. In order to curtail labor costs, Defendants regularly did not staff enough employees to provide sufficient coverage to maintain their business operations so Plaintiff and nonexempt Aggrieved Employees could not both complete their assigned daily duties and take complete, timely, and uninterrupted meal and rest breaks. Defendants prioritized completion of daily duties ahead of meal and rest period compliance. In addition, due to the workload, Plaintiff and nonexempt Aggrieved Employees were unable to take uninterrupted meal and rest periods. Defendants failed to provide Plaintiff and nonexempt Aggrieved Employees with an additional hour of premium pay at the regular rate of pay for each meal and rest period violation, as required by Labor Code section 226.7.

18.    Defendants required Plaintiff and Aggrieved Employees, both exempt and nonexempt, who were subject to the same policies, practices and legal authorities governing business expense reimbursement as Plaintiff, to use their personal cellular phones for work purposes, such as communicating with their colleagues and supervisors regarding work-related matters, without paying to Plaintiff and Aggrieved Employees reimbursement for either use of the personal cellular devices or the usage of personal cellular data or calling plans for work purposes. Moreover, with respect to those employees in management, clerical or administrative positions, who were required to work from home due to the public health crisis caused by Covid-19, Defendants required Aggrieved Employees to use their personal computing devices, such as

6

tablets, desktops or laptops, as well as personal broadband accounts, for work purposes without reimbursement, in violation of Labor Code section 2802.

19.    As a result of the violations described above, Plaintiff and Aggrieved Employees experienced collateral or derivative violations. Specifically, Defendants failed to provide Plaintiff and nonexempt Aggrieved Employees accurate itemized wage statements in writing in compliance with Labor Code section 226, and failed to compensate Plaintiff and other former nonexempt Aggrieved Employees for all wages owed at the time employment with Defendants had ended.

20.    Pursuant to Labor Code section 2699, subdivision (a), any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the LWDA or any of its departments, divisions, commissions, boards, agencies or employees for violation of the code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Labor Code section 2699.3.

21.    For all provisions of the Labor Code except those for which a civil penalty is specifically provided, Labor Code section 2699, subdivision (f) imposes upon Defendants a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent pay period in which Defendant violated these provisions of the Labor Code.

22.    Defendants' conduct during the PAGA period with respect to Plaintiff and the Aggrieved Employees violates numerous Labor Code sections as detailed herein.

23.    Plaintiff alleges that Defendants have engaged in a systematic pattern of wage and hour violations under the California Labor Code and IWC Wage Orders.

24.    At all relevant times herein, Defendants employed Plaintiff and other Aggrieved Employees as employees who were subject to the employment policies, in whole or in part, and therefore suffered the same or substantially similar violations, in whole or in part.

25.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

7

knew or should have known that Plaintiff and Aggrieved Employees were entitled to receive wages for all hours worked, including the applicable minimum, regular, and overtime wages, and that they were not receiving all wages earned for work that was required to be performed. In violation of the Labor Code and IWC Wage Orders, Defendants failed to pay Plaintiff and Aggrieved Employees for all hours worked. Accordingly, Defendants failed to pay Plaintiff and Aggrieved Employees all earned minimum, regular, and/or overtime compensation.

26.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and Aggrieved Employees were entitled to receive all required meal periods or payment of one (1) additional hour of pay at Plaintiff and Aggrieved Employees' regular rate of pay when they did not receive a timely, uninterrupted off-duty meal period. In violation of the Labor Code and IWC Wage Orders, Defendants had a pattern, practice, and policy of not providing timely meal periods. Defendants failed to pay an additional hour of pay to Plaintiff and Aggrieved Employees for late meal periods. As a result of Defendants' unlawful policy and practice, Plaintiff and Aggrieved Employees did not receive all meal periods or payment of one (1) additional hour of pay at Plaintiff's and Aggrieved Employees' regular rate of pay when they did not receive a timely, uninterrupted 30 minute off-duty meal period.

27.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and Aggrieved Employees were entitled to receive all required rest periods or payment of one (1) additional hour of pay at Plaintiff and Aggrieved Employees' regular rate of pay when they did not receive a timely, uninterrupted off-duty rest period. In violation of the Labor Code and IWC Wage Orders, Defendants had a pattern, practice, and policy of not providing timely rest periods. Defendants failed to pay an additional hour of pay to Plaintiff and Aggrieved Employees for each rest periods were not provided or was interrupted. As a result of Defendants' unlawful policy and practice, Plaintiff and Aggrieved Employees did not receive all requited rest periods or payment of one (1) additional hour of pay at Plaintiff's and Aggrieved Employees' regular rate of pay when they did not receive a timely, uninterrupted 10 minute off-duty rest period.

COMPLAINT FOR CIVIL PENALTIES

28.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and certain Aggrieved Employees were entitled to timely payment of wages due upon separation of employment. In violation of the Labor Code, Plaintiff and certain Aggrieved Employees did not receive payment of all wages due, within permissible time periods, upon separation of employment.

29.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and Aggrieved Employees were entitled to receive itemized wage statements that accurately showed their actual hours worked, total hours worked, number of hours worked at each hourly rate, gross and net wages earned, and correct employer information in accordance with California law. As a result of the wage violations specified above, and in violation of the Labor Code, Plaintiff and Aggrieved Employees were not provided with accurate itemized wage statements that accurately reported their gross and net wages earned, total hours worked, each applicable rate of pay in effect during the pay period with the corresponding number of hours worked, and the address of the legal entity that is the employer, among other things.

30.    Plaintiff and Aggrieved Employees were employees covered under one or more statutes under the Labor Code, including but not limited to section 2802, but were not reimbursed by Defendants for all business expenses incurred, including but not limited to expenses arising from use of personal cellular devices for work purposes, working remotely from home, such as the cost of electronic devices and accessories used for work purposes and the prorated cost of personal cellular home wi-fi data plans utilized for work purposes.

31.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Defendants were required to maintain accurate records of the hours worked by Plaintiff and aggrieved employees. In violation of the Labor Code, Defendant failed to maintain accurate records of hours worked by Plaintiff and Aggrieved Employees due to its off-the-clock and/or unfair rounding practices, among other things.

## FIRST CAUSE OF ACTION

9

**(Civil Penalties Under the Private Attorneys General Act,**

**Labor Code § 2699 et seq., For Violations of the Labor Code**

**Against All Defendants)**

32.    Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully alleged herein.

33.    By this complaint, Plaintiff brings this case as a representative action seeking penalties for himself, the Aggrieved Employees, and the State of California in a representative capacity, as provided by the PAGA, Labor Code sections 2698 et seq. Plaintiff is an aggrieved employee who was employed by Defendants and subject to at least one of the Labor Code violations set forth in Labor Code section 2699.5. Plaintiff specifically alleged the following in his notice to the LWDA and Defendants: violation of Labor Code sections 201, 202, 203, 204, 226, 226.3, 226.7, 510, 512, 558, 1174, 1174.5, 1182.12, 1194, 1194.2, 1197, 1197.1, 1198 and 2802.

34.    Under Labor Code section 2699.3, subdivision (a), a plaintiff may bring a cause of action under PAGA only after giving the LWDA and the employer notice of the Labor Code sections alleged to have been violated, and after receiving notice from the LWDA of its intention not to investigate, or after 65 days have passed without notice from the LWDA.

35.    Prior to filing this complaint, on October 08, 2021, Plaintiff gave written notice of the specific provisions alleged to have been violated, including the facts and theories to support the alleged violations, as required by Labor Code section 2699.3. The written notice was given via certified mail to Defendants, and the LWDA by electronically filing the notice via the Department of Industrial Relations website. Plaintiff was given an LWDA case number of LWDA-CM-826072-21. Subsequently, Plaintiff submitted an amended written notice to the LWDA, and also given via certified mail to Defendants, on February 04, 2022, with respect to which LWDA has declined to respond within the relevant statutory time.  True and correct copies of Plaintiff's notices to the LWDA and Defendant(s), dated October 08, 2021, and February 04, 2022, are attached hereto as **Exhibit A.**

10

36.     The LWDA has not provided Plaintiff with any notice that it intends to investigate the violations as alleged in Plaintiff's notices dated October 08, 2021, and February 04, 2022, and more than 65 calendar days have elapsed since the postmark date on the latter notice.

37.     California Labor Code §§2698-2699.5, in relevant part provides, "any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency…for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3."

38.     As an aggrieved employee, Plaintiff brings this civil action to recover civil penalties for Defendants' Labor Code violations.

### First Violation

### (Failure to Provide Meal Periods, in Violation of Labor Code Section 512)

39.     Under California Labor Code §512(a), "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

40.     Defendants violated Labor Code § 512 by failing to provide Plaintiff, and other qualifying employees who worked shifts of greater than five hours, meal periods within the first five hours of the shifts worked. Defendants failed to pay Plaintiff one hour's pay at Plaintiff's regular rate of pay for each day Defendants failed to provide a meal period in compliance with section 512.

41.     Plaintiff, on behalf of the State of California and the LWDA, herself and similarly aggrieved employees, seeks civil penalties for Defendants' Labor Code violations alleged herein, as well as attorney's fees and costs, under Labor Code § 2699.

### Second Violation

**(Failure to Provide Rest Periods, in Violation of Labor Code Section 226.7)**

42.    Under California Labor Code §226.7(b), "An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission"

43.    Industrial Welfare Commission (IWC) provides, "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof."

44.    Defendants failed to authorize and permit Plaintiff and other employee to take rest periods and mandated by the Wage Order.

45.    Under §226.7(c), an employer who violates §226.7(b), "…shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."

46.    Defendants failed to pay Plaintiff and other eligible employees who were not provided rest periods one hour of pay at their regular rate of pay.

47.    Plaintiff, on behalf of the State of California and the LWDA, herself and similarly aggrieved employees, seeks civil penalties for Defendants' Labor Code violations alleged herein, as well as attorney's fees and costs, under Labor Code § 2699.

<u>**Third Violation**</u>

**(Failure to Provide Complete and Accurate Wage Statements,**

**in Violation of Labor Code Section 226)**

48.    Under California Labor Code §226(a), an employer is legally obligated to provide its employees, semi-monthly or at the time of payment of wages, "an accurate itemized statement in writing..."

49.    Plaintiff, on behalf of the State of California and the LWDA, herself and similarly aggrieved employees, seeks civil penalties for Defendants' Labor Code violations alleged herein, as well as attorney's fees and costs, under Labor Code § 2699.

**Fourth Violation**

**(Failure to Pay Overtime Wages)**

50.    Pursuant to California Labor Code §§ 510, 1194, and IWC Wage Orders, an employer is required to compensate employees for all overtime, which is calculated at one and one-half (1½) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

51.    Plaintiff, on behalf of the State of California and the LWDA, herself and similarly aggrieved employees, seeks civil penalties for Defendants' Labor Code violations alleged herein, as well as attorney's fees and costs, under Labor Code § 2699.

**Fifth Violation**

**(Failure to Pay Minimum Wages)**

52.    Pursuant to California Labor Code §§ 1194, 1197, and IWC Wage Orders, payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

53.    Plaintiff, on behalf of the State of California and the LWDA, herself and similarly aggrieved employees, seeks civil penalties for Defendants' Labor Code violations alleged herein, as well as attorney's fees and costs, under Labor Code § 2699.

**Sixth Violation**

**(Failure to Timely Pay Wages During Employment)**

54.    Pursuant to California Labor Code § 204, for all labor performed between the 1st and 15th days of any calendar month, an employer is required to pay its employees between the 16th and 26th day of the month during which the labor was performed. California Labor Code § 204 also provides that for all labor performed between the 16th and 26th days of any calendar month, Defendants are required to pay their employees between the 1st and 15th day of the

13

following calendar month. In addition, California Labor Code § 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday of the next regular payroll period.

55.    Plaintiff, Plaintiff, on behalf of the State of California and the LWDA, herself and similarly aggrieved employees, seeks seeks civil penalties for Defendants' Labor Code violations alleged herein, as well as attorney's fees and costs, under Labor Code § 2699.

## Seventh Violation

### (Failure to Pay All Wages Due to Discharged and Quitting Employees)

56.    Pursuant to California Labor Code § 201, 202, and 203, Defendants are required to pay all earned and unpaid wages to an employee who is discharged. California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

57.    Plaintiff, Plaintiff, on behalf of the State of California and the LWDA, herself and similarly aggrieved employees, seeks civil penalties for Defendants' Labor Code violations alleged herein, as well as attorney's fees and costs, under Labor Code § 2699.

## Eighth Violation

### Failure to Reimburse Business Expenses in Violation of Labor Code § 2802
### (Against all Defendants and DOES 1 to 50, inclusive)

58.    Plaintiff realleges and incorporates by reference each and every allegation contained in all of the preceding paragraphs above as though set forth in full herein.

59.    Labor Code § 2802 provides that an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

60.    Defendants failed to indemnify and reimburse Plaintiff for all necessary expenditures or losses incurred by Plaintiff in direct consequence of the discharge of Plaintiff's job duties.

61.    Pursuant to Labor Code § 2802, Plaintiff is entitled to recover business expenses

14

incurred as a result of discharging his duties, including interest.

62.    Plaintiff, on behalf of the State of California and the LWDA, herself and similarly aggrieved employees, seeks civil penalties for Defendants' Labor Code violations alleged herein, as well as attorney's fees and costs, under Labor Code § 2699.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for the following relief:

1.    For penalties in an amount according to proof;

2.    For reasonable attorney's fees and costs pursuant to the PAGA; and

3.    For such other and further relief as this Court may deem just and proper.


Respectfully Submitted,

Dated: April 13, 2022            **WORK LAWYERS, PC**


By: _Justin Lo_____

Justin Lo

Attorney for Plaintiff

15

COMPLAINT FOR CIVIL PENALTIES



# NOTICE OF LABOR CODE VIOLATIONS - PAGA
(Labor Code § 2699.3)

DATE **October 8, 2021**

DELIVERY **Online Filing and Certified U.S. Mail**

RECIPIENTS California Labor &
Workforce Development Agency
PAGAfilings@dir.ca.gov

Ghirardelli Chocolate Company
Human Resources/Legal Dept.
1111 139th Ave
San Leandro CA 94578

Ghirardelli Chocolate Company
Agent for Service of Process
Amanda Garcia
330 N. Brand Blvd Suite 700
Glendale CA 91203

SUBJECT **_ELIZABETH LIMA v. GHIRARDELLI CHOCOLATE COMPANY., et al._ — NOTICE OF LABOR CODE VIOLATIONS UNDER CAL. LABOR CODE §2699.3**

Dear PAGA Administrator:

This office represents Elizabeth Lima ("Complainant" or "Employee") in connection with her claims under the California Labor Code. Complainant is a former employee of Ghirardelli Chocolate Company., a California Corporation, (collectively referred to as "Employers"). Pursuant to Labor Code section 2699.3, subdivision (a), we are providing written notice that Employers are in violation of various provisions of the California Labor Code.

Complainant intends to file a complaint against Employers in California Superior Court pursuant to Labor Code section 2699 on behalf of herself and all aggrieved employees within the one

Office: (424) 355-8535
E-Mail: justin@caworklawyer.com
22939 Hawthorne Boulevard, Suite 202
Torrance, California 90505

year prior to the filing of the complaint ("Aggrieved Employees"). Aggrieved Employees are all non-exempt workers employed by Employers during the relevant PAGA period, holding various positions and who experienced the violations set forth in this notice.

To the extent that entities and/or individuals are named and charged with violations of the Labor Code—making them liable on an individual basis as permitted by numerous Labor Code Sections including, but not limited to 558, 558.1, and 1197.1—Complainant reserves any and all rights to add, substitute, or change the name of employer entities and/or individuals responsible for the violations at issue.

Any further amendments and changes to this notice shall relate back to the date of this notice. Consequently, Employers are on notice that Complainant continues its investigation, with the full intent to amend and/or change this notice, to add any undiscovered violations of any of the provisions of the California Labor Code—to the extent that are applicable to this case—and to change and/or add the identities of any entities and/or individuals responsible for the violations contained herein.

If Employers intend to cure the alleged violations within the statutory time period set forth in Labor Code sections 2699 and 2699.3, subdivision (a), the Employers shall provide notice including a description of actions taken to cure. If the alleged violation is not cured within the statutory time period, Complainant will commence a civil action pursuant to Section 2699.

## The Employers

Employers and its agents own, operate, or otherwise manage a business known as Ghirardelli Chocolate Company all of which are registered and authorized to conduct business in the State of California. Employers may be contacted directly through its agent for service of process at the above-listed addresses.

Complainant is informed and believes and thereon alleges that Employers employ, at a minimum, twenty-five (25) or more Aggrieved Employees who are non-exempt employees at its California locations at any given time. Specifically, it is believed that at any given time, Employers have approximately 25 or more persons employed as non-exempt employees within California with additional employees in other positions within California.

## The Named Entities Are Joint Employers of Complainant and Aggrieved Employees

California courts have recognized that the definition of "employer" for the purpose of enforcement of the California Labor Code goes beyond the concept of traditional employment to reach irregular working arrangements for the purpose of preventing evasion and subterfuge of California's labor laws. *Martinez v. Combs* (2010) 49 Cal.4th 35,65. As such, anyone who directly or indirectly, or through an agent or any other person, engages, suffers or permits any person to work or exercises control over the wages, hours, working conditions or any person, may be liable for violations of the California Labor Code as to that person.

Complainant is informed and believes and thereon alleges that Ghirardelli Chocolate Company must be classified as joint employers of Complainant for purposes of liability for civil penalties under PAGA, as the aforementioned entities engaged, suffered, and permitted Complainant to perform services from which they benefitted, and furthermore the aforementioned entities had the right to exercise control over the wages, hours and/or working conditions of Complainant at all relevant times, so as to be considered the joint employers of Complainant. By reason of their status as joint employers of Complainant, they are each liable for civil penalties for violation of the California Labor Code as to the Complainant and other aggrieved employees.

## Alter Ego and Single-Enterprise Liability

Complainant is informed and believes and thereon alleges that Employers Ghirardelli Chocolate Company are jointly and severally liable under alter ego and single-enterprise liability. Complainant is informed and believes that each of the Employers were and are the alter ego of each other, that there exists a unity of interest and ownership between them, such that any individuality and separateness between each of them have ceased. Complainant further alleges that each of the Employers has exercised control and dominion over each other with a disregard for the separate legal status of the entities in an attempt to commit the violations set forth herein. Complainant believes that said entities operated as a single-enterprise to achieve a common business purpose. Adherence to the separate existence of Ghirardelli Chocolate Company would permit an abuse of the corporate privilege and would sanction fraud and promote injustice.

NOTICE OF LABOR CODE VIOLATIONS - PAGA
(Lab. Code, § 2699.3)

## Factual Background

Employers employed Complainant as a packer. Complainant and Aggrieved Employees were employed in non-exempt hourly positions in California. Complainant worked there from approximately August 17, 2020, to on or about October 3, 2021. Complainant's duties included making boxes, filling the boxes with product and moving the boxes into the appropriate pallets.

The position required Complainant and Aggrieved Employees to work more than 8 hours a day and/or 40 hours per week without lawful compensation. Not all of Complainant and Aggrieved Employees' compensable work time spent under the control of Employers was accounted for and compensated. Complainant and Aggrieved Employees were not compensated properly according to the amount of time worked. Complainant and Aggrieved Employees were not paid overtime. If any overtime was paid, it was paid at an illegally calculated rate. Complainant and Aggrieved Employees were also subject to an unlawful rounding policy for their compensable work time. Employers failed to timely pay all wages earned by Complainant and Aggrieved Employees. Oftentimes, payment of wages would be late. Employers still owe wages to Complainant and Aggrieved Employees despite wages earned.

Employers failed to authorize and permit all required meal and rest periods for Complainant and Aggrieved Employees because, upon information and belief, Employers maintained unlawful meal and rest period policies and practices. In order to curtail labor costs, Employers regularly did not staff enough employees to provide sufficient coverage to maintain their business operations so Complainant and Aggrieved Employees could not both complete their assigned daily duties and take complete, timely, and uninterrupted meal and rest breaks. Employers prioritized completion of daily duties ahead of meal and rest period compliance. Furthermore, Employers nevertheless automatically deducted a half hour from the daily time worked by Complainant and Aggrieved Employers for ostensible meal periods despite the fact that such breaks were not actually taken. Moreover, Employers maintained a policy prohibiting Complainant and Aggrieved Employees from leaving the worksite during meal periods such that any meal periods actually received by Complainant and Aggrieved Employees were not "duty-free" as required by statute. In addition, due to the work load, Complainant and Aggrieved Employees were unable to take uninterrupted meal and rest periods. Employers failed to provide Complainant and Aggrieved Employees with an additional hour of premium pay at the regular rate of pay for each meal and rest period violation, as required by Labor Code section 226.7.

As a result of the violations described above, Complainant and Aggrieved Employees experienced collateral or derivative violations. Specifically, Employers failed to provide Complainant

and Aggrieved Employees accurate itemized wage statements in writing in compliance with Labor Code section 226, and failed to compensate Complainant and Aggrieved Employees for all wages owed at the time employment with Employers had ended.

## Legal Violations

At all relevant times, Complainant and Aggrieved Employees were non-exempt employees working for Employers. At all relevant times, Complainant was an aggrieved employee as defined in Labor Code section 2699, subdivision (c). (Lab. Code, § 2699, subd. (c) ["any person who was employed by the alleged violator and against whom one or more of the violations was committed"].)

Complainants and Aggrieved Employees' employment resulted in numerous violations of the California Labor Code, including the following:

- ☐ Employers failed to keep accurate and complete time records for Complainant and Aggrieved Employees. (Lab. Code, §§ 1174, 1198, 1199; Cal. Code Regs., tit. 8, § 11040, subd. 7(A)(3) ["Every employer shall keep accurate information with respect to each employee including the following: . . . Time records showing when the employee begins and ends each work period."].)

- ☐ Employers failed to pay Complainant and Aggrieved Employees for all hours worked. (Lab. Code, § 1197; *Armenta v. Osmose, Inc.* (2005) 135 Cal.App.4th 314, 324 [an employer's failure to pay for any particular hour of time worked by an employee is unlawful, even if averaging an employee's total pay over all hours worked, paid or not, results in an average hourly wage above minimum wage].)

- ☐ Employers failed to pay Complainant and Aggrieved Employees at least minimum wage for all hours worked or overtime rates for overtime work. (Lab. Code, §§ 1194, 1197, 1197.1.)

- ☐ Employers failed to pay Complainant and Aggrieved Employees overtime equal to one and one-half times their regular hourly rate of pay for each hour worked beyond eight

(8) hours per workday and each hour worked beyond forty (40) hours per work week. (Lab. Code §§ 510, 1198–1199; Cal. Code Regs., tit. 8, § 11040, subd. 3.)

☐ Employers failed to pay  Complainant and Aggrieved Employees  overtime equal to double their regular hourly rate of pay for each hour worked beyond twelve (12) hours per workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day or work in a work week. (Lab. Code §§ 510, 1198–1199; Cal. Code Regs., tit. 8, § 11040, subd. 3.)

☐ Employers failed to maintain a company meal period policy compliant with California law and failed to provide Complainant and other Aggrieved Employees with proper meal periods. (Lab. Code, §§ 226.7, 512, subd. (a); Cal. Code Regs., tit. 8, § 11040 , subd. 11.)

☐ Employers failed to properly compensate Complainant and Aggrieved Employees with an additional hour of premium pay for missed  or improper meal periods. (Lab. Code, §§ 226.7, 512, subd. (a); Cal. Code Regs., tit. 8, § 11040, subd. 11.)

☐ Employers failed to maintain a company rest break policy compliant with California law and failed to provide Complainant and other Aggrieved Employees with proper rest breaks. (Lab. Code, § 226.7; Cal. Code Regs., tit. 8, § 11040, subd. 12.)

☐ Employer failed to properly compensate Complainant and Aggrieved Employees with an additional hour of premium pay for missed  or improper rest breaks. (Lab. Code, § 226.7; Cal. Code Regs., tit. 8, § 11040, subd. 12.)

☐ Employers failed to properly record Complainant and Aggrieved Employees' meal periods as required by Labor Code section 1198 and applicable IWC Wage Orders (Lab. Code, § 1198; Cal. Code Regs., tit. 8, § 11040, subd. 7(A)(3) ["Meal periods, split shift intervals and total daily hours worked shall also be recorded."].)



☐ Employers failed to pay Complainant and Aggrieved Employees all wages earned by Complainant and Aggrieved Employees on at least semimonthly paydays . (Labor Code, §§ 204, subd. (a), 207.)

☐ Employers took improper deductions from the pay of Complainant and Aggrieved Employees. (Lab. Code, § 221–224, 2802.)

☐ Employers refused to make and/or falsely denied the amount of payments due to Complainant and Aggrieved Employees. (Lab. Code, § 216; see also Lab. Code, §§ 1174, 1197, 1197.1, 1198, 1199, 2699.)

☐ Employers intentionally and willfully failed to provide proper and accurate wage statements to employees Complainant and Aggrieved Employees. (Lab. Code, § § 226, subd. (a), 226.3, 226.6 .) The deficiencies include, among other things, the failure to correctly identify the total hours worked, the gross wages, and correct hourly rate earned by Complainant and Aggrieved Employees.

☐ Employers failed to provide proper no tices regarding employee pay to Complainant and Aggrieved Employees. (Lab. Code, § 2810.5.)

☐ Employers failed to pay employees all earned and unpaid wages when they separated/separate from employment. (Lab. Code, §§ 201, 202, 203, 210.)

☐ Employers refused to reimburse Complainant and Aggrieved Employees for all expenses incurred during the course and scope of their employment (Lab. Code, § 2802.)

Employers have violated the above-referenced California Labor Code provisions, as well as other laws, and is liable for all applicable premium wages, statutory and civil penalties, interest, attorneys' fees, and costs. Complainant and other Aggrieved Employees seek to recover those amounts.

| NOTICE OF LABOR CODE VIOLATIONS - PAGA
(Lab. Code, § 2699.3)

## Conclusion

Labor Code section 2699.3 requires that a claimant send a certified letter to the employer in question and to the Labor Workforce Development Agency ("LWDA") setting forth the claims and the basis for the claims, thereby giving the Labor Workforce Development Agency an opportunity to investigate the claims or take any action it deems appropriate.

The purpose of this letter is to satisfy the requirement created by Labor Code sections 2699 and 2699.3, subdivision (a), prior to seeking penalties and premium wages allowed by law for the aforementioned statutory violations in a civil action. We look forward to determining whether the Labor Workforce Development Agency intends to take any action in reference to these claims. We kindly ask that you respond to this notice according to the time frame contemplated by the code.

If the Labor Commissioner or LWDA elects not to take any action with respect to any of the foregoing claims, Complainant will seek these penalties in a civil action, on behalf of herself and all other California-based non-exempt aggrieved employees of Employer within one year of the date of this letter as allowed by law.

Please advise if your office intends to investigate any of the factual and legal allegations and provide notice within **sixty (60) days** of this notice to our office and to that of other charged parties.

If you have any questions, please contact me at the phone number or address below:

> Justin Lo, Esq.
> Work Lawyers PC
> 22939 Hawthorne Boulevard, Suite 202
> Torrance, California 90505
> Tel: (424) 355-8535
> Email: justin@caworklawyer.com

Thank you for your attention to this matter. I look forward to hearing from you at your earliest convenience.

Sincerely,

*Justin Lo*

**JUSTIN LO, ESQ.**



# NOTICE OF LABOR CODE VIOLATIONS - PAGA
## (Labor Code § 2699.3)

DATE **February 4, 2022**

DELIVERY **Online Filing and Certified U.S. Mail**

RECIPIENTS California Labor &
Workforce Development Agency
PAGAfilings@dir.ca.gov

Ghirardelli Chocolate Company
Human Resources/Legal Dept.
1111 139th Ave
San Leandro CA 94578

Ghirardelli Chocolate Company
Agent for Service of Process
Amanda Garcia
330 N. Brand Blvd Suite 700
Glendale CA 91203

Lindt & Sprungli (N.A.) Inc.
Attn: Legal Department
4717 Grand Avenue, Ste. 700
Kansas City, MO 64112

SUBJECT ***ELIZABETH LIMA v. GHIRARDELLI CHOCOLATE COMPANY., et al.*** — **AMENDED NOTICE OF LABOR CODE VIOLATIONS UNDER CAL. LABOR CODE §2699.3**

Dear PAGA Administrator:

This office represents Elizabeth Lima ("Complainant" or "Employee") in connection with her claims under the California Labor Code. Complainant is an employee of Ghirardelli Company.

Inc., a California corporation and Lindt & Sprungli (N.A.), Inc, a Delaware corporation (collectively referred to as "Employers"). Pursuant to Labor Code section 2699.3, subdivision (a), we are providing written notice that Employers are in violation of various provisions of the California Labor Code.

Complainant intends to file a complaint against Employers in California Superior Court pursuant to Labor Code section 2699 on behalf of herself and all aggrieved employees within the one year prior to the filing of the complaint ("Aggrieved Employees"). Aggrieved Employees are all workers employed by Employers during the relevant PAGA period in both non-exempt and exempt capacities, holding various positions and who experienced the violations set forth in this notice.

To the extent that entities and/or individuals are named and charged with violations of the Labor Code—making them liable on an individual basis as permitted by numerous Labor Code Sections including, but not limited to 558, 558.1, and 1197.1—Complainant reserves any and all rights to add, substitute, or change the name of employer entities and/or individuals responsible for the violations at issue.

Any further amendments and changes to this notice shall relate back to the date of Complainant's original notice on October 08, 2021. Consequently, Employers are on notice that Complainant continues its investigation, with the full intent to amend and/or change this notice, to add any undiscovered violations of any of the provisions of the California Labor Code—to the extent that are applicable to this case—and to change and/or add the identities of any entities and/or individuals responsible for the violations contained herein.

If Employers intend to cure the alleged violations within the statutory time period set forth in Labor Code sections 2699 and 2699.3, subdivision (a), the Employers shall provide notice including a description of actions taken to cure. If the alleged violation is not cured within the statutory time period, Complainant will commence a civil action pursuant to Section 2699.

## The Employers

Employers and its agents own, operate, or otherwise manage businesses known as (1) Ghirardelli Chocolate Company and (2) Lind & Sprungli (N.A.), Inc., both of which are registered and authorized to conduct business in the State of California. Employers may be contacted directly through the above-listed addresses.

Complainant is informed and believes and thereon alleges that Employers employ, at a minimum, one thousand (1,000) or more Aggrieved Employees who are exempt and non-exempt employees at its California locations at any given time. Specifically, it is believed that at any given time, Employers have approximately 1000 or more persons employed as exempt or non-exempt employees within California with additional employees in other positions within California.

## The Named Entities Are Joint Employers of Complainant and Aggrieved Employees

California courts have recognized that the definition of "employer" for the purpose of enforcement of the California Labor Code goes beyond the concept of traditional employment to reach irregular working arrangements for the purpose of preventing evasion and subterfuge of California's labor laws. *Martinez v. Combs* (2010) 49 Cal.4th 35,65. As such, anyone who directly or indirectly, or through an agent or any other person, engages, suffers or permits any person to work or exercises control over the wages, hours, working conditions or any person, may be liable for violations of the California Labor Code as to that person.

Complainant is informed and believes and thereon alleges that Ghirardelli Chocolate Company must be classified as joint employers of Complainant for purposes of liability for civil penalties under PAGA, as the aforementioned entities engaged, suffered, and permitted Complainant to perform services from which they benefitted, and furthermore the aforementioned entities had the right to exercise control over the wages, hours and/or working conditions of Complainant at all relevant times, so as to be considered the joint employers of Complainant. By reason of their status as joint employers of Complainant, they are each liable for civil penalties for violation of the California Labor Code as to the Complainant and other aggrieved employees.

## Alter Ego and Single-Enterprise Liability

Complainant is informed and believes and thereon alleges that Employers Ghirardelli Chocolate Company and Lindt & Sprungli (N.A.), Inc. are jointly and severally liable under alter ego and single-enterprise liability. Complainant is informed and believes that both Employers constitute a single, integrated enterprise characterized by common control of labor, common management or ownership circle and interrelated business operations. Complainant is informed and believes that each of the Employers were and are the alter ego of each other, that there exists a unity of interest and ownership between them, such that any individuality and separateness between

each of them have ceased. Complainant further alleges that each of the Employers has exercised control and dominion over each other with a disregard for the separate legal status of the entities in an attempt to commit the violations set forth herein. Complainant believes that said entities operated as a single enterprise to achieve a common business purpose. Adherence to the separate existence of Ghirardelli Chocolate Company would permit an abuse of the corporate privilege and would sanction fraud and promote injustice.

## Factual Background

Employers employed Complainant as a packer. Complainant and Aggrieved Employees were employed in non-exempt hourly positions in California. Complainant worked there from approximately August 17, 2020, to on or about October 3, 2021. Complainant's duties included making boxes, filling the boxes with product and moving the boxes into the appropriate pallets.

The position required Complainant and nonexempt Aggrieved Employees to work more than 8 hours a day and/or 40 hours per week without lawful compensation. Not all of Complainant and nonexempt Aggrieved Employees' compensable work time spent under the control of Employers was accounted for and compensated. Complainant and nonexempt Aggrieved Employees were not compensated properly according to the amount of time worked. Complainant and nonexempt Aggrieved Employees were not paid overtime. If any overtime was paid, it was paid at an illegally calculated rate. Complainant and nonexempt Aggrieved Employees were also subject to an unlawful rounding policy for their compensable work time. Employers failed to timely pay all wages earned by Complainant and nonexempt Aggrieved Employees. Oftentimes, payment of wages would be late. Employers still owe wages to Complainant and nonexempt Aggrieved Employees despite wages earned. Additionally, Employers required Complainant and nonexempt Aggrieved Employees to don required safety garb and equipment, such as uniform smocks or aprons, facemasks, gloves and hairnets prior to clocking in for start of their respective work shifts, such that Complainant and nonexempt Aggrieved Employees were not compensated for such time despite performing their work duties while under the Employers' control.

To the extent this additional uncompensated time described in the preceding paragraph was worked during shifts eight hours or longer, the uncompensated additional time should have been compensated at the legally mandated overtime rate. Furthermore, because Employers paid no compensation for the additional work time, Employers have violated minimum wage laws.

Employers failed to authorize and permit all required meal and rest periods for Complainant and nonexempt Aggrieved Employees because, upon information and belief, Employers maintained unlawful meal and rest period policies and practices. In order to curtail labor costs, Employers regularly did not staff enough employees to provide sufficient coverage to maintain their business operations so Complainant and nonexempt Aggrieved Employees could not both complete their assigned daily duties and take complete, timely, and uninterrupted meal and rest breaks. Employers prioritized completion of daily duties ahead of meal and rest period compliance. In addition, due to the workload, Complainant and nonexempt Aggrieved Employees were unable to take uninterrupted meal and rest periods. Employers failed to provide Complainant and nonexempt Aggrieved Employees with an additional hour of premium pay at the regular rate of pay for each meal and rest period violation, as required by Labor Code section 226.7.

Employers required Complainant and Aggrieved Employees, both exempt and nonexempt to use their personal cellular phones for work purposes, such as communicating with their colleagues and supervisors regarding work-related matters, without paying to Complainant and Aggrieved Employees reimbursement for either use of the personal cellular devices or the portion of personal cellular data or calling plans expended for work purposes.  Moreover, with respect to those employees in management, clerical or administrative positions, who were required to work from home due to the public health crisis caused by Covid-19, Employers required Aggrieved Employees to use their personal computing devices, such as tablets, desktops or laptops, as well as personal broadband accounts, for work purposes without reimbursement, in violation of Labor Code section 2802.

As a result of the violations described above, Complainant and Aggrieved Employees experienced collateral or derivative violations. Specifically, Employers failed to provide Complainant and nonexempt Aggrieved Employees accurate itemized wage statements in writing in compliance with Labor Code section 226, and failed to compensate Complainant and other former nonexempt Aggrieved Employees for all wages owed at the time employment with Employers had ended.

## Legal Violations

At all relevant times, Complainant and Aggrieved Employees were non-exempt employees working for Employers. At all relevant times, Complainant was an aggrieved employee as defined in Labor Code section 2699, subdivision (c). (Lab. Code, § 2699, subd. (c) ["any person

who was employed by the alleged violator and against whom one or more of the violations was committed"].)

Complainants and Aggrieved Employees' employment resulted in numerous violations of the California Labor Code, including the following:

▸ Employers failed to keep accurate and complete time records for Complainant and Aggrieved Employees. (Lab. Code, §§ 1174, 1198, 1199; Cal. Code Regs., tit. 8, § 11040, subd. 7(A)(3) ["Every employer shall keep accurate information with respect to each employee including the following: . . . Time records showing when the employee begins and ends each work period."].)

▸ Employers failed to pay Complainant and Aggrieved Employees for all hours worked. (Lab. Code, § 1197; *Armenta v. Osmose, Inc.* (2005) 135 Cal.App.4th 314, 324 [an employer's failure to pay for any particular hour of time worked by an employee is unlawful, even if averaging an employee's total pay over all hours worked, paid or not, results in an average hourly wage above minimum wage].)

▸ Employers failed to pay Complainant and Aggrieved Employees at least minimum wage for all hours worked or overtime rates for overtime work. (Lab. Code, §§ 1194, 1197, 1197.1.)

▸ Employers failed to pay Complainant and Aggrieved Employees overtime equal to one and one-half times their regular hourly rate of pay for each hour worked beyond eight (8) hours per workday and each hour worked beyond forty (40) hours per work week. (Lab. Code §§ 510, 1198–1199; Cal. Code Regs., tit. 8, § 11040, subd. 3.)

▸ Employers failed to pay Complainant and Aggrieved Employees overtime equal to double their regular hourly rate of pay for each hour worked beyond twelve (12) hours per workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day or work in a work week. (Lab. Code §§ 510, 1198–1199; Cal. Code Regs., tit. 8, § 11040, subd. 3.)

▸ Employers failed to maintain a company meal period policy compliant with California law and failed to provide Complainant and other Aggrieved Employees with proper meal periods. (Lab. Code, §§ 226.7, 512, subd. (a); Cal. Code Regs., tit. 8, § 11040, subd. 11.)

**NOTICE OF LABOR CODE VIOLATIONS - PAGA**
(Lab. Code, § 2699.3)

- Employers failed to properly compensate Complainant and Aggrieved Employees with an additional hour of premium pay for missed or improper meal periods. (Lab. Code, §§ 226.7, 512, subd. (a); Cal. Code Regs., tit. 8, § 11040, subd. 11.)

- Employers failed to maintain a company rest break policy compliant with California law and failed to provide Complainant and other Aggrieved Employees with proper rest breaks. (Lab. Code, § 226.7; Cal. Code Regs., tit. 8, § 11040, subd. 12.)

- Employer failed to properly compensate Complainant and Aggrieved Employees with an additional hour of premium pay for missed or improper rest breaks. (Lab. Code, § 226.7; Cal. Code Regs., tit. 8, § 11040, subd. 12.)

- Employers failed to properly record Complainant and Aggrieved Employees' meal periods as required by Labor Code section 1198 and applicable IWC Wage Orders. (Lab. Code, § 1198; Cal. Code Regs., tit. 8, § 11040, subd. 7(A)(3) ["Meal periods, split shift intervals and total daily hours worked shall also be recorded."].)

- Employers failed to pay Complainant and Aggrieved Employees all wages earned by Complainant and Aggrieved Employees on at least semimonthly paydays. (Labor Code, §§ 204, subd. (a), 207.)

- Employers took improper deductions from the pay of Complainant and Aggrieved Employees. (Lab. Code, § 221–224, 2802.)

- Employers refused to make and/or falsely denied the amount of payments due to Complainant and Aggrieved Employees. (Lab. Code, § 216; see also Lab. Code, §§ 1174, 1197, 1197.1, 1198, 1199, 2699.)

- Employers intentionally and willfully failed to provide proper and accurate wage statements to employees Complainant and Aggrieved Employees. (Lab. Code, §§ 226, subd. (a), 226.3, 226.6.) The deficiencies include, among other things, the failure to correctly identify the total hours worked, the gross wages, and correct hourly rate earned by Complainant and Aggrieved Employees.

- Employers failed to provide proper notices regarding employee pay to Complainant and Aggrieved Employees. (Lab. Code, § 2810.5.)

- Employers failed to pay employees all earned and unpaid wages when they separated/separate from employment. (Lab. Code, §§ 201, 202, 203, 210.)

▶    Employers refused to reimburse Complainant and Aggrieved Employees for all expenses incurred during the course and scope of their employment. (Lab. Code, § 2802.)

Employers have violated the above-referenced California Labor Code provisions, as well as other laws, and is liable for all applicable premium wages, statutory and civil penalties, interest, attorneys' fees, and costs. Complainant and other Aggrieved Employees seek to recover those amounts.

## Conclusion

Labor Code section 2699.3 requires that a claimant send a certified letter to the employer in question and to the Labor Workforce Development Agency ("LWDA") setting forth the claims and the basis for the claims, thereby giving the Labor Workforce Development Agency an opportunity to investigate the claims or take any action it deems appropriate.

The purpose of this letter is to satisfy the requirement created by Labor Code sections 2699 and 2699.3, subdivision (a), prior to seeking penalties and premium wages allowed by law for the aforementioned statutory violations in a civil action. We look forward to determining whether the Labor Workforce Development Agency intends to take any action in reference to these claims. We kindly ask that you respond to this notice according to the time frame contemplated by the code.

If the Labor Commissioner or LWDA elects not to take any action with respect to any of the foregoing claims, Complainant will seek these penalties in a civil action, on behalf of herself and all other California-based non-exempt aggrieved employees of Employer within one year of the date of this letter as allowed by law.

Please advise if your office intends to investigate any of the factual and legal allegations and provide notice within **sixty (60) days** of this notice to our office and to that of other charged parties.

If you have any questions, please contact me at the phone number or address below:

Justin Lo, Esq.
Work Lawyers PC
22939 Hawthorne Boulevard, Suite 202
Torrance, California 90505
Tel: (424) 355-8535
Email:

**NOTICE OF LABOR CODE VIOLATIONS - PAGA**
(Lab. Code, § 2699.3)

Thank you for your attention to this matter. I look forward to hearing from you at your earliest convenience.

Sincerely,

*Justin Lo*

**JUSTIN LO, ESQ.**

# EXHIBIT 2

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

GHIRARDELLI CHOCOLATE COMPANY, a California Corporation;
LINDT& SPRUNGLI (N.A.), Inc., a Delaware corporation; and DOES
1-50, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ELIZABETH LIMA, on behalf of himself and
all others aggrieved employees,

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
04/13/2022

Chad Finke, Executive Officer / Clerk of the Court

By: _____ X. Bowie _____ Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Hayward Hall of Justice<br><br>24405 Amador Street<br>Hayward, CA 94544 | CASE NUMBER:<br>*(Número del Caso):*<br><br>22CV009848 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Justin LoWork Lawyers PC 22939 Hawthorne Blvd. Suite 202 Torrance, California 90505 Tel: (424) 355-853

| DATE:<br>*(Fecha)* 04/13/2022 | Chad Finke, Executive Officer / Clerk of the Court | Clerk, by<br>*(Secretario)* | X. Bowie | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Lindt & Sprungli (N.A.), Inc., a Delaware corporation

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

# EXHIBIT 3

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Justin Lo (SBN 260282)
Work Lawyers, PC
22939 Hawthorne Blvd. Suite 202
Torrance, CA. 90505
TELEPHONE NO: (424) 355-8535   FAX NO.: (424) 355-8535
ATTORNEY FOR *(Name):* Plaintiff Elizabeth Lima

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
04/13/2022 at 04:40:45 PM
By: Xian-xii Bowie, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME: Hayward Hall of Justice

CASE NAME:
Elizabeth Lima v. Ghiradelli Chocolate Company et al.,

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited    ☐ Limited | ☐ Counter    ☐ Joinder | 22CV009848 |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* 1 (one)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 13, 2022

Justin Lo
_____
(TYPE OR PRINT NAME)

*Justin Lo*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]    **CIVIL CASE COVER SHEET**    Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
    Auto (22)–Personal Injury/Property
        Damage/Wrongful Death
    Uninsured Motorist (46) *(if the
        case involves an uninsured
        motorist claim subject to
        arbitration, check this item
        instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
    Asbestos (04)
        Asbestos Property Damage
        Asbestos Personal Injury/
          Wrongful Death
    Product Liability *(not asbestos or
        toxic/environmental)* (24)
    Medical Malpractice (45)
        Medical Malpractice–
          Physicians & Surgeons
        Other Professional Health Care
          Malpractice
    Other PI/PD/WD (23)
        Premises Liability (e.g., slip
          and fall)
        Intentional Bodily Injury/PD/WD
          (e.g., assault, vandalism)
        Intentional Infliction of
          Emotional Distress
        Negligent Infliction of
          Emotional Distress
        Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
    Business Tort/Unfair Business
        Practice (07)
    Civil Rights (e.g., discrimination,
        false arrest) *(not civil
        harassment)* (08)
    Defamation (e.g., slander, libel)
        (13)
    Fraud (16)
    Intellectual Property (19)
    Professional Negligence (25)
        Legal Malpractice
        Other Professional Malpractice
         *(not medical or legal)*
    Other Non-PI/PD/WD Tort (35)
**Employment**
    Wrongful Termination (36)
    Other Employment (15)

**Contract**
    Breach of Contract/Warranty (06)
        Breach of Rental/Lease
          Contract *(not unlawful detainer
          or wrongful eviction)*
        Contract/Warranty Breach–Seller
          Plaintiff *(not fraud or negligence)*
        Negligent Breach of Contract/
          Warranty
        Other Breach of Contract/Warranty
    Collections (e.g., money owed, open
        book accounts) (09)
        Collection Case–Seller Plaintiff
        Other Promissory Note/Collections
          Case
    Insurance Coverage *(not provisionally
        complex)* (18)
        Auto Subrogation
        Other Coverage
    Other Contract (37)
        Contractual Fraud
        Other Contract Dispute
**Real Property**
    Eminent Domain/Inverse
        Condemnation (14)
    Wrongful Eviction (33)
    Other Real Property (e.g., quiet title) (26)
        Writ of Possession of Real Property
        Mortgage Foreclosure
        Quiet Title
        Other Real Property *(not eminent
         domain, landlord/tenant, or
         foreclosure)*
**Unlawful Detainer**
    Commercial (31)
    Residential (32)
    Drugs (38) *(if the case involves illegal
        drugs, check this item; otherwise,
        report as Commercial or Residential)*
**Judicial Review**
    Asset Forfeiture (05)
    Petition Re: Arbitration Award (11)
    Writ of Mandate (02)
        Writ–Administrative Mandamus
        Writ–Mandamus on Limited Court
         Case Matter
        Writ–Other Limited Court Case
         Review
    Other Judicial Review (39)
        Review of Health Officer Order
        Notice of Appeal–Labor
         Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
    Antitrust/Trade Regulation (03)
    Construction Defect (10)
    Claims Involving Mass Tort (40)
    Securities Litigation (28)
    Environmental/Toxic Tort (30)
    Insurance Coverage Claims
        *(arising from provisionally complex
        case type listed above)* (41)
**Enforcement of Judgment**
    Enforcement of Judgment (20)
        Abstract of Judgment (Out of
         County)
        Confession of Judgment *(non-
         domestic relations)*
        Sister State Judgment
        Administrative Agency Award
         *(not unpaid taxes)*
        Petition/Certification of Entry of
         Judgment on Unpaid Taxes
        Other Enforcement of Judgment
         Case
**Miscellaneous Civil Complaint**
    RICO (27)
    Other Complaint *(not specified
        above)* (42)
        Declaratory Relief Only
        Injunctive Relief Only *(non-
         harassment)*
        Mechanics Lien
        Other Commercial Complaint
         Case *(non-tort/non-complex)*
        Other Civil Complaint
         *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
    Partnership and Corporate
        Governance (21)
    Other Petition *(not specified
        above)* (43)
        Civil Harassment
        Workplace Violence
        Elder/Dependent Adult
         Abuse
        Election Contest
        Petition for Name Change
        Petition for Relief From Late
         Claim
        Other Civil Petition

# EXHIBIT 4

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:

Hayward Hall of Justice

24405 Amador Street, Hayward, CA 94544

**FILED**
Superior Court of California
County of Alameda

04/13/2022

Chad Finke, Executive Officer / Clerk of the Court

By: _____ Deputy
X. Bowie

PLAINTIFF(S):

ELIZABETH LIMA, on behalf of himself and all others aggrieved emplo

DEFENDANT(S):

GHIRARDELLI CHOCOLATE COMPANY, a California Corporation et

**NOTICE OF CASE ASSIGNMENT**

CASE NUMBER:

22CV009848

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

| | |
|---|---|
| ASSIGNED JUDGE: | Delbert Gee |
| DEPARTMENT: | 514 |
| LOCATION: | Hayward Hall of Justice |
| | 24405 Amador Street, Hayward, CA 94544 |
| PHONE NUMBER: | (510) 690-2723 |
| FAX NUMBER: | |
| EMAIL ADDRESS: | Dept514@alameda.courts.ca.gov |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedures section 170.6 must be exercised within the time period by law. (See Code of Civ. Proc. §§ 170.6, subd. (a.)(2) and 101.3)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording. Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

GENERAL PROCEDURES

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the Rene C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544 and through Civil e-filing. Information regarding Civil e-filing can be found on the courts website. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Delbert Gee
DEPARTMENT 514

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processed (ADR) prior to the Initial Case Management Conference.  The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days."   The court's website contains this form and other ADR information.  If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

COURT RESERVATIONS

The use of the Court Reservation System (CRS) is now mandated in many civil courtrooms within the Alameda County Superior Court. Instead of calling or emailing the courtroom to make a reservation, parties with a case assigned to a courtroom using CRS are directed to utilize CRS to make and manage their own reservations, within parameters set by the courtrooms. CRS is available 24 hours a day, seven days a week and reservations can be made from a computer or smart phone. Please note, you are prohibited from reserving more than one hearing date for the same motion.

Prior to scheduling any motion on CRS, including any Applications for Orders for Appearance and Examination, or continuing any motion, please review the online information (if any) for the courtroom in which you are reserving. There may be specific and important conditions associated with certain motions and proceedings. Information is available on the court's eCourt Public Portal at www.eportal.alameda.courts.ca.gov.


Chad Finke, Executive Officer / Clerk of the Court


By

X. Bowie, Deputy Clerk


**NOTICE OF CASE ASSIGNMENT**

# EXHIBIT 5

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

COURTHOUSE ADDRESS:
Hayward Hall of Justice
24405 Amador Street, Hayward, CA 94544

PLAINTIFF:
ELIZABETH LIMA, on behalf of himself and all others aggrieved en

DEFENDANT:
GHIRARDELLI CHOCOLATE COMPANY, a California Corporation

## NOTICE OF CASE MANAGEMENT CONFERENCE

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda
04/14/2022
Chad Finke, Executive Officer/Clerk of the Court
By: _M. Kautz_ Deputy
M. Kautz

CASE NUMBER:
22CV009848

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

| | |
|---|---|
| Date: 08/03/2022    Time: 3:00 PM    Dept.: 514 | |
| Location: Hayward Hall of Justice | |
| 24405 Amador Street, Hayward, CA 94544 | |

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA CIV-100 [Rev. 10/2021]

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | **FILED**<br>Superior Court of California<br>County of Alameda<br>04/14/2022<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>M. Kautz |
| PLAINTIFF/PETITIONER:<br>ELIZABETH LIMA, on behalf of himself and all others aggrieved employees | |
| DEFENDANT/RESPONDENT:<br>GHIRARDELLI CHOCOLATE COMPANY, a California Corporation et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>22CV009848 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

JUSTIN LO
22939 HAWTHORNE BLVD., SUITE 202
TORRANCE, CA 90505

Chad Finke, Executive Officer / Clerk of the Court

Dated: 04/14/2022                    By:

M. Kautz, Deputy Clerk

**CERTIFICATE OF MAILING**

# EXHIBIT 6

1  MICHAEL J. NADER, SBN 200425
   michael.nader@ogletree.com
2  JADE BUTMAN, SBN 235920
   jade.butman@ogletree.com
3  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
4  500 Capitol Mall, Suite 2500
   Sacramento, CA  95814
5  Telephone:    916-840-3150
   Facsimile:    916-840-3159
6
   Attorneys for Defendants GHIRARDELLI
7  CHOCOLATE COMPANY, a California
   Corporation; and LINDT & SPRUNGLI
8  (NORTH AMERICA) INC., a Delaware
   corporation
9
                      **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
10
                            **FOR THE COUNTY OF ALAMEDA**
11

12
   ELIZABETH LIMA, on behalf of himself and      Case No. 22CV009848
13 all others aggrieved employees,
                                                  **DEFENDANTS' ANSWER TO**
14            Plaintiff,                          **COMPLAINT**

15       vs.                                      [Assigned for all purposes to
                                                  The Honorable Delbert Gee, Dept. 514]
16 GHIRARDELLI CHOCOLATE COMPANY, a
   California Corporation; LINDT & SPRUNGLI
17 (N.A.), Inc., a Delaware corporation; and DOES
   1-50, Inclusive,
18                                                Action Filed:    April 13, 2022
              Defendant.                          Trial Date:      None Set
19

20
          Defendants GHIRARDELLI CHOCOLATE COMPANY, a California Corporation; and
21
   LINDT & SPRUNGLI (NORTH AMERICA) INC.[1], a Delaware Corporation (collectively,
22
   "Defendants") by and through their undersigned counsel, hereby answer Plaintiff ELIZABETH
23
   LIMA's ("Plaintiff") Complaint ("Complaint"), as follows:
24
                                   **GENERAL DENIAL**
25
          Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendants
26
   generally deny each, every, and all material allegations of the Complaint, and each and every
27

28
   ─────────────────────
   [1] Wrongfully sued herein as Lindt & Sprungli (N.A.), Inc.

─────────────────────

purported cause of action set forth therein. Defendants further deny that Plaintiff or any other individual(s) sought to be represented has been damaged in any sum or sums, or at all.

## DEFENSES

The defenses asserted below are based on Defendants' knowledge, information, and belief at this time. Defendants reserve the right to modify, amend, and/or supplement any defense at a later time. Without conceding that they bear the burden of proof or persuasion as to any one of them, Defendants allege the following separate defenses to Plaintiff's Complaint and pray for judgment as set forth below:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State Facts Sufficient to Constitute a Cause of Action)**

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted against Defendants.

### SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

The claims of Plaintiff and some or all alleged aggrieved employees are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure section 340.

### THIRD AFFIRMATIVE DEFENSE

**(Federal Preemption)**

Defendants allege that, to the extent Plaintiff's claims involve conduct that is, or seek remedies that are, governed or regulated by federal law, such claims are preempted.

### FOURTH AFFIRMATIVE DEFENSE

**(Labor Management Relations Act (Taft-Hartley Act) Section 301 Preemption)**

Defendants are informed and believe, and based upon such information and belief alleges, that Plaintiff's Complaint is barred, in whole or in part, because Plaintiff's state law claims arise out of or require interpretation of a collective bargaining agreement and are therefore preempted by Section 301 of the Labor Management Relations Act (Taft-Hartley Act), 29 U.S.C. § 185.

////

DEFENDANTS' ANSWER TO COMPLAINT

1

**FIFTH AFFIRMATIVE DEFENSE**

2

**(Collective Bargaining Agreement Exemption – Labor Code §512(e))**

3      Defendants are informed and believe, and based upon such information and belief alleges,

4 that Plaintiff's Complaint is barred, in whole or in part, because it involves conduct that is, or seeks

5 remedies that are, governed or regulated by a collective bargaining agreement and therefore such

6 claims are preempted by California Labor Code § 512(e).

7

**SIXTH AFFIRMATIVE DEFENSE**

8

**(The Named Plaintiff Is Not An Appropriate Representative)**

9      The Complaint fails to the extent it asserts a representative action because Plaintiff is not an

10 appropriate representative of the alleged "aggrieved employees."

11

**SEVENTH AFFIRMATIVE DEFENSE**

12

**(Lack of Control and Manageability)**

13      Plaintiff's' PAGA action cannot proceed, in whole or in part, because the representative

14 action alleged by Plaintiff lacks control and manageability.

15

**EIGHTH AFFIRMATIVE DEFENSE**

16

**(Due Process)**

17      Permitting this action to proceed as a representative action would be an unconstitutional

18 denial of Defendants' due process rights under the Fifth and Fourteenth Amendments to the United

19 States Constitution and the California Constitution.

20

**NINTH AFFIRMATIVE DEFENSE**

21

**(Constitutional Right to Equal Protection)**

22      An award of penalties against Defendants would be an unconstitutional denial of Defendants'

23 rights to equal protection under both the United States and California Constitutions.

24

**TENTH AFFIRMATIVE DEFENSE**

25

**(Waiver)**

26      The claims for penalties on behalf of Plaintiff and certain alleged aggrieved employees are

27 barred to the extent such claims have been waived, discharged and/or abandoned.

28 ////

DEFENDANTS' ANSWER TO COMPLAINT

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Release)**

To the extent some alleged aggrieved employees entered into any agreement containing a release of claims against Defendants covering some or all of the penalty claims in this action, such individuals are barred from recovery in this action.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

Plaintiff lacks standing and cannot represent the interests of the other alleged aggrieved employees as to some or all of the alleged Labor Code violations.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Excessive Fines)**

An award of penalties against Defendants under the circumstances of this case would constitute an excessive fine under the United States and California Constitution.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Fully Comply With Statutory Requirements)**

Plaintiff's Cause of Action under the Private Attorneys General Act ("PAGA") is barred or limited to the extent she failed to satisfy all pre-filing requirements as set forth in Labor Code Section 2699.3, including, but not limited to, the requirement of providing timely and sufficient notice to the California Labor and Workforce Development Agency and to Defendants of the alleged Labor Code violations and supporting facts and theories.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Good Faith Dispute About Wages)**

Plaintiff's representative claims for civil penalties for alleged violations of Labor Code sections 201-202 are precluded because there is a good faith dispute that any final wages are due to Plaintiff and/or any formerly employed alleged aggrieved employee.

////

////

////

1

### SIXTEENTH AFFIRMATIVE DEFENSE

2

**(Conflicts of Interest)**

3    Plaintiff's action cannot proceed on a representative basis because the interests of Plaintiff

4  and/or certain alleged aggrieved employees are in conflict with those of other alleged aggrieved

5  employees.

6

### SEVENTEENTH AFFIRMATIVE DEFENSE

7

**(Substantial Compliance)**

8    The claims of Plaintiff and/or the claims of some or all of the alleged aggrieved employees

9  are barred in whole or in part because Defendants complied with its statutory obligations, if any, and

10  to the extent it is determined that there was non-compliance, Defendants substantially complied with

11  its obligations.

12

### EIGHTEENTH AFFIRMATIVE DEFENSE

13

**(Collateral Estoppel/Res Judicata)**

14    Plaintiff's claims and/or the claims of some or all of the alleged aggrieved employees are

15  barred in whole or in part by the doctrine of collateral estoppel and/or res judicata.

16

### NINETEENTH AFFIRMATIVE DEFENSE

17

**(Non-Ascertainable Representative Group)**

18    Plaintiff's representative action claim is barred because the definition of "aggrieved

19  employees" is overbroad, ambiguous, conclusory, lacks the requisite community of interest, and is

20  not precise, objective, and/or presently ascertainable.

21

### TWENTIETH AFFIRMATIVE DEFENSE

22

**(No Entitlement to Jury Trial)**

23    Plaintiff is not entitled to a trial by jury of the PAGA claim.

24

### TWENTY-FIRST AFFIRMATIVE DEFENSE

25

**(Setoff, Offset and Recoupment)**

26    The penalties sought as to Plaintiff and/or some or all alleged aggrieved employees are

27  subject to reductions or offset to the extent, if any penalties are recoverable by Plaintiff and/or other

28  alleged aggrieved employees, which is specifically denied, Defendants are entitled under the

equitable doctrine of setoff and recoupment to offset all overpayments and/or obligations that Plaintiff and/or others owed to Defendants against any judgment that may be entered against Defendants.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (One Satisfaction)

The claims of Plaintiff and/or some or all alleged aggrieved employees are barred, in whole or in part, because the Complaint improperly and impermissibly seeks recovery of "stacked" penalties.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Improper Delegation of Authority)

The claims of Plaintiff and the alleged aggrieved employees are barred, in whole or in part, because the statutory and/or regulatory provisions on which Plaintiffs' purported representative claims are based constitute an improper delegation of authority from an administrative agency to a private attorney/party and lack necessary oversight, management, and control.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Grieve)

Defendants are informed and believe, and based upon such information and belief alleges, that Plaintiff's Complaint is barred, in whole or in part, because Plaintiff and some or all of the alleged aggrieved employees failed to grieve and/or arbitrate their claims despite a clear and unmistakable requirement in the applicable collective bargaining agreements to do so, and thereby failed to exhaust contractual remedies.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Laches)

Defendants are informed and believe, and based upon such information and belief allege, that Plaintiff's Complaint is barred, in whole or in part, by the doctrine of laches, in that Plaintiff unreasonably delayed in reporting any of the alleged unlawful conduct of which she now complains and/or she unreasonably delayed in the filing of this lawsuit, causing Defendants to suffer prejudice.
////

1

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

2

**(Labor Code § 204(c) – Collective Bargaining Agreement Exemption)**

3          Defendants are informed and believe, and based upon such information and belief allege, that

4    even assuming arguendo Plaintiff and/or the alleged aggrieved employees were not timely paid any

5    final wages owed upon separation from employment, Plaintiff and the alleged aggrieved employees

6    are not entitled to recover penalties from Defendants because the claims involve conduct that is, or

7    seeks remedies that are, governed or regulated by a collective bargaining agreement and therefore

8    the claim is preempted by California Labor Code section 204(c).

9

**RESERVATION OF ADDITIONAL DEFENSES**

10          Defendants allege that because the Complaint is couched in conclusory terms, all affirmative

11    defenses that may be applicable cannot be fully anticipated. Accordingly, the right to assert additional

12    affirmative defenses, if and to the extent that such affirmative defenses are applicable, is reserved.

13    In addition, Defendants reserve the right to amend their Answer should Defendants later discover

14    facts demonstrating the existence of new and/or additional affirmative defenses, and/or should a

15    change in the law support the inclusion of new and/or additional affirmative defenses.

16

**PRAYER**

17          WHEREFORE, Defendants pray for judgment as follows:

18          1.       That Plaintiff take nothing by her unverified Complaint;

19          2.       That judgment be entered in favor of Defendants and against Plaintiff on all causes

20    of action;

21          3.       That Defendants be awarded reasonable attorneys' fees according to proof;

22          4.       That Defendants be awarded the costs of suit incurred herein;

23          5.       That Plaintiff not be entitled to a jury trial pursuant to *Nationwide Biweekly*

24    *Administration, Inc. v. Superior Court of Alameda County* (2020) 9 Cal.5th 279, in which the

25    California Supreme Court determined there is no right to a jury trial in actions brought under

26    California Labor Code § 2698, et seq.; and,

27    ////

28    ////

6.     That Defendants be awarded such other and further relief as the Court may deem appropriate and proper.

DATED:  May 12, 2022

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.


By: _____
Michael J. Nader
Jade Butman

Attorneys for Defendants GHIRARDELLI
CHOCOLATE COMPANY, a California
Corporation; and LINDT & SPRUNGLI
(NORTH AMERICA) INC., a Delaware
Corporation

DEFENDANTS' ANSWER TO COMPLAINT

**PROOF OF SERVICE**

*Elizabeth Lima vs. Ghirardelli Chocolate Company, a California Corp., et al.*
California Superior Court, County of Alameda
Case No. 22CV009848

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of San Francisco in the office of a member of the bar of this court at whose direction the service was made.  My business address is One Embarcadero Center, Suite 900, San Francisco, CA 94111.

On May 12, 2022, I served the following document(s):

**DEFENDANT'S ANSWER TO COMPLAINT**

on the person(s) below by the method(s) indicated:

Justin Lo, Esq.
Work Lawyers PC
22939 HAWTHORNE BLVD., SUITE 202
TORRANCE, CA 90505
424-355-8535
justin@caworklawyer.com

☒ **BY MAIL:**  I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at One Embarcadero Center, Suite 900, San Francisco, CA 94111.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  By electronically transmitting the document(s) listed above to the email address(es) of the person(s) set forth on the attached service list from the email address patricia.hernandez@ogletree.com.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.  Service by e-mail was made as an additional method of service as a courtesy to the parties.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 12, 2022 at San Francisco, CA.

Patricia D. Hernandez